UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARCUS JOHNSON           ]
    Plaintiff,          ]
                         ]
v.                       ]     No. 3:16-2740
                         ]     Chief Judge Sharp
JANE AND JOHN DOE, et al. ]
    Defendants.         ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Bledsoe County Correctional Complex in Pikeville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against various state parole and prison officials seeking injunctive relief and damages.

On April 30, 2015, U.S. Marshals served the plaintiff with a parole revocation warrant and took him into custody. A hearing was held a few months later after which plaintiff's parole was revoked and he was returned to prison. The plaintiff alleges that his parole was improperly revoked and that he is being "illegally restrained of my liberty".

A prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged

1

by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2372 (1994).

The principles expressed in <u>Heck</u> apply to § 1983 actions challenging state parole revocations. <u>King v. City of Highland Park</u>, 2008 WL 723514, 4 (E.D. Mich. 3/17/08). Thus, where the plaintiff does not come forward with a decision declaring the parole revocation invalid, a § 1983 action is barred. <u>Lovett v. Kinkela</u>, 1999 WL 644323, 1 (6th Cir. 8/19/99).

Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge